*Alricks, for defendant.*

---

*Court of Common Pleas, Dauphin County, February 2d, 1864.*

THE COMMONWEALTH OF PENNSYLVANIA *v.* WEISER & SON.

Under the act of 16th of May, 1861, imposing a tax upon the discounts of private bankers and brokers, the sum is to be computed upon the actual profits of the business, deducting all losses incurred and interest paid on money to carry on business. Where these two equal or exceed the profits, no tax is to be paid.

BY THE COURT.—This case comes into court on appeal from the decision of the auditor-general and State treasurer. The defendants, private bankers in the borough of York, made report of their business for the preceding year, on the 30th day of November, 1861, under the act of May 16th, 1861, relating to brokers and private bankers. Following the directions of the auditor-general, they made the report for the entire year, whilst, according to our construction of the act, they were only bound to furnish an account commencing on the 16th of May of that year. We have now no means of correcting the error, as the subsequent

[The Commonwealth of Pennsylvania *v.* Weiser & Son.]

statement presented for the half year was rejected by the auditor-general, and is now objected to on the trial. We have been obliged to reject it as not legal evidence.

They report the amount of receipts from discounts at $4960.14, and from all other profits $296.35, arising from their business as exchange brokers. Against this is set down their losses sustained, $1884.16, and interest paid, $3665.70, by which it appears that the whole business of the year yielded no *net* profits, but on it they sustained a loss. On this return the attorney-general contends that the tax should be assessed on the whole amount of the discounts, whether the bankers made a profit or sustained a loss thereon. We are of a different opinion, which was more fully expressed in Drexel & Co. *v.* The Commonwealth (1 Pearson, 337), afterwards affirmed in the Supreme Court (10 Wright, 31). Our views have undergone no change on that point, but are greatly strengthened by the reasoning of Mr. Justice Read, in delivering the opinion of the court in that case. We, there-fore, instruct you that the sum of $1884.16, of losses sustained on the paper discounted, must be deducted from the amount received for discounts. The greater difficulty arises on the question of interest paid by the defendants in their business. It is to be regretted that the return is in almost every particular so meagre as to scarcely be intelligible, and to convey but little information on the different points now contested; but that is said to arise from the printed forms sent out by the auditor-general, predicated on what we believe to be a misconstruction of the law. If it were shown that the money used in discounting paper was the identical funds on which interest was paid as deposits, I am of the opinion that the net profits to the banker would be the amount of discount made, *minus* the interest. That would be the net balance of profit. But that is not proved, it is assumed. I am unwilling to give such a construction to this statute as would tax the banker differently who uses his own capital, from him who obtains his funds by borrowing from others to carry on his business as a banker. Yet such I conceive is the evident intention of Mr. Justice Read in the case referred to. He says: "This act clearly intended to levy a tax of three per centum on the *profits or income* of the business, and was not meant to tax-capital. Profits must necessarily be the *net profits* of the business, and the commonwealth was to receive on them three per cent. It was in fact a tax upon the *income of the business* in which the defendants were engaged." These expressions clearly show that in the mind of the judge, the tax was to be assessed on the whole net profits of the business, deducting losses and necessary expenses; and it may, perhaps, be very properly inferred that the legislature had in view the well-known custom of private bankers to pay interest on the money deposited with

[The Commonwealth of Pennsylvania v. The Erie Railway.]

them, with which the larger portion of their discounts and purchases are made, and the payment of which interest greatly diminishes their profits. If this is at all to be treated in the light of an *income tax*, such deduction would be eminently just and proper. My doubt is whether the act will bear that construction. Although this subject of interest was probably not in the mind of the judge when he wrote that opinion, yet we will take his language as giving a just and equitable construction of the statute, and throwing the greater burdens on those who are best able to bear them, men who bank on their own capital. So construing the law, the defendants made no profit on their business in 1861, consequently they are not subject to taxation, and your verdict must be in their favor.

AFFIRMED BY THE SUPREME COURT (August 12th, 1864). Not reported.

*Meredith and Etter, for plaintiff.*

*Graydon and Bullitt, for defendant.*